IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ESTATE OF PATRICK R. SAUNDERS, et al.,

      Plaintiff,      Case No. 3:14 cv 166

-vs-

                MEMORANDUM   OPINION

HURON COUNTY COMMISSIONERS, et al.,

      Defendant.

KATZ, J.

## I. INTRODUCTION

  The Estate of Patrick R. Saunders ("Mr. Saunders" or "Plaintiff") and Antoinette Saunders (collectively "Plaintiffs") filed a civil rights action pursuant to 42 U.S.C. § 1983 against the Huron County Commissioners, Huron County Sheriff Dane A. Howard, and Huron County Sheriff's Deputies John Harris and Chuck Summers (collectively "Defendants"). The Plaintiffs allege Defendants violated their civil rights under multiple constitutional amendments. Plaintiffs also allege several state-law claims.

  Plaintiffs' causes of action stem from an incident which resulted in an indictment that was mistakenly entered into a computer database as an arrest warrant as opposed to a secret summons, resulting in Mr. Saunders arrest and brief detention. Defendants removed the case to this Court on January 24, 2014 on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 1).

  Before the Court is Defendants' unopposed motion for summary judgment pursuant to Fed. R. Civ. P. 56(c). (Doc. No. 11). For the reasons that follow, the Court grants Defendants' motion for summary judgment in part, and Plaintiffs' state-law claims are dismissed without prejudice.

## II. BACKGROUND

The facts set forth in Defendants' statement of facts are generally accurate and incorporated herein with slight modification. On October 2, 2010, Mr. Saunders was observed committing a traffic violation while riding his motorcycle and carrying a large knife on his person. The traffic stop revealed Mr. Saunders had an 11-inch blade on his belt, a switchblade in his back pocket, and a loaded .38 revolver in his motorcycle saddlebag. Because he did not have a permit to carry a concealed weapon, Mr. Saunders was taken into custody, where he admitted to violating the law.

A Huron County Grand Jury subsequently indicted Mr. Saunders on three felony counts. The Grand Jury issued the indictments, including a secret summons for Mr. Saunders on November 10, 2010. The summons was sent to the Sheriff's Office, where a dispatcher mistakenly entered the summons into the computer database as an arrest warrant. Defendant Deputy John Harris printed the warrant list from the computer database and confirmed with a dispatcher that Mr. Saunders' warrant was active and outstanding.

On November 14, 2010, Deputies John Harris and Chuck Summers traveled to Mr. Saunders' home to execute the warrant. When they arrived, Antoinette Saunders answered the door and told the Deputies that she understood a summons would be issued, not a warrant. When she tried to close the door, the Deputies "pushed her aside and said they had a warrant." (Doc. No. 1-1 at ¶ 23). Mr. Saunders was arrested without further incident and taken to the Huron County Jail. He was detained for approximately four-to-five hours and released when the mistake was discovered. On March 9, 2011, Mr. Saunders pleaded no contest to one felony count and was placed into a pretrial diversionary program.

Plaintiffs allege constitutional violations for false arrest, unlawful detention, and conspiracy under 42 U.S.C. § 1983 against the state officers. Plaintiffs also allege the Huron County Commissioners and County Sheriff refused or neglected to prevent the officers conduct, which the Court construes as a *Monell* claim. Finally, Plaintiffs allege state-law claims for false arrest, intentional infliction of emotional distress, negligent infliction of emotional distress, assault upon Antoinette Saunders, and criminal trespass. Defendants have requested summary judgment for all claims. Plaintiffs did not oppose.

### III. SUMMARY JUDGMENT

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting a genuine issue of material fact must support the argument either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court views the facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court does not weigh the evidence or determines the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The party requesting summary judgment bears an initial burden of demonstrating that no genuine issue of material fact exists, which the party must discharge by producing evidence to demonstrate the absence of a genuine issue of material fact or "by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S.

317, 323–25 (1986) (internal quotation marks omitted). If the moving party satisfies this burden, the nonmoving party "may not rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. 2009) (citing Rule 56 and *Matsushita,* 475 U.S. at 586). The party opposing the summary judgment motion must present sufficient probative evidence supporting its claim that disputes over material facts remain; evidence that is "merely colorable" or "not significantly probative" is insufficient. *Anderson,* 477 U.S. at 248–52.

## III. DISCUSSION

### A. Constitutional Violations

Plaintiffs assert Mr. Saunders' constitutional rights were violated and advance claims of false arrest and detention, conspiracy, and municipal (county) liability under 42 U.S.C. § 1983. To state a claim for relief under §1983, a plaintiff must show that he was deprived of a right secured by the constitution or laws of the United States and the deprivation was caused by a person acting under color of state law. *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010).

#### 1. Conspiracy

To prove civil conspiracy under §1983, the plaintiff must show there was "an agreement between two or more persons to injure another by unlawful action." *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). To prevail on a conspiracy claim under §1983, a plaintiff must show that 1) a "single plan existed," 2) the defendants "shared in the general conspirator objective" to deprive the plaintiff of his constitutional right, and 3) "an overt act was committed in furtherance of conspiracy that caused injury" to plaintiff. *Id*., *see also* 42 U.S.C. § 1985(3) (civil conspiracy under §1985 requires the additional element of discriminatory animus). "[C]onspiracy

4

claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007).

Plaintiffs have failed to sufficiently state a claim of conspiracy, let alone provide facts to show that a genuine issue of material fact exists. In their amended complaint, Plaintiffs assert that "as a result of [Defendants] concerted unlawful and malicious conspiracy . . . . Saunders was deprived" of his constitutional rights. (Doc. No. 1-1 at ¶ 32). Simply put, Plaintiffs have failed to put forth any facts to establish a prima facie case of conspiracy for §1983 or §1985 liability, nor have they shown Defendants deprived them of a federal right.

**2. False Arrest and Detention**

Plaintiffs assert that Defendants violated Mr. Saunders' Fourth Amendment rights when they falsely arrested and detained him without cause. (Doc. 1-1 at ¶¶ 27, 30). "[F]alse arrest and false imprisonment overlap, the former a species of the latter." *Lee v. Lucas*, No. 1:10-CV-151, 2011 U.S. Dist. LEXIS 125756, at n.3 (N.D. Ohio Oct. 31, 2011) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). False imprisonment consists of detention without legal process. *Id*. (quotations omitted). Thus, a false arrest/imprisonment ends when the plaintiff becomes held pursuant to the legal process, i.e., he is arraigned or bound over by a magistrate. *Id*. After a person is subject to the legal process, i.e., an indictment confirms his charges, an unlawful detention resulting from the process forms part of the damages for the entirely distinct tort of malicious prosecution.

To prevail on either a claim of false arrest or unlawful detention/malicious prosecution, a plaintiff must show lack of probable cause for the arrest and detention. *Ruble v. Escola*, 898 F.Supp. 2d 956, 969 (N.D. Ohio 2012) (quoting *Voyticky v. Village of Timberlake, Ohio*, 536 F.3d

5

542, 554 (6th Cir. 2008). ("A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff."); *Gregory v. City of Louisville,* 444 F.3d 725, 749 (6th Cir. 2007) ("malicious prosecution [should] be pursued and treated as [a] Fourth Amendment violation[] when the gravamen of the complaint is continued detention without probable cause.").

Plaintiffs assert Mr. Saunders was arrested and detained without cause. (Doc. No. 1-1 at ¶¶ 5, 27, 30). Plaintiffs claim there was a lack of cause for his arrest because he was told that a summons would be issued as opposed to an arrest warrant. (Doc. No. 1-1 at 21). Fatal to Plaintiffs' claims, however, is that probable cause is an underlying requirement for both mechanisms of notice. Plaintiff does not dispute that probable cause existed for the issuance of a secret summons. There is no assertion that the indictment resulted from perjured testimony, or that the grand jury proceedings were otherwise irregular, nor does he point to any evidence to counterbalance the presumption of probable cause arising from the indictment. Mr. Saunders freely admitted to violating the law when he was initially taken in for questioning, which preceded his indictment. More important, he pleaded no contest to the underlying charges. *Kirk v. Muskingum County Ohio*, No. 2:09-cv-583, 2010 WL 3702581, at *12–13 (S.D. Ohio Sept. 17, 2010) (citing *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1998) ("Applying collateral estoppel principles, the *Walker* Court held that the plaintiffs could not assert that the officers acted without probable cause because they had pled no contest to the underlying criminal charges in an earlier state court action." ). While the Court is cognizant that a mistake was made with respect to the issuance of either a warrant as opposed to a summons, such a fact does not negate that probable

cause existed for the issuance of a warrant or a summons. Accordingly, Plaintiffs' claims for false arrest and unlawful detention fail.

### 3. Qualified Immunity

Defendants assert qualified immunity defenses on behalf of Deputies John Harris and Chuck Summers in their individual capacities.

Qualified immunity shields government officials from §1983 liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982). Thus, the relevant two-pronged inquiry is whether "the facts alleged show the officer's conduct violated a constitutional right" and whether that right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001). "Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *Binay v. Bettendorf,* 601 F.3d 640, 647 (6th Cir. 2010).

To establish a prima facie case of liability and to overcome a qualified immunity defense, a plaintiff must demonstrate that his rights were violated. *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014). "For example, to prevail on their false arrest claim[], [the plaintiff] was required to prove that the officers lack probable cause to arrest [him]." *Id*. Likewise, "government officials, including police officers, are immune from civil liability unless, in the course of performing their discretionary functions, they violate the plaintiff's clearly established constitutional rights." *Id*. (quoting *Jones v. Byrnes*, 585 F.3d 971, 974 (6th Cir. 2009) (internal quotations and emphasis omitted). Because Plaintiffs have failed to show that Mr. Saunders'

constitutional rights were violated, Deputies John Harris and Chuck Summers are entitled to qualified immunity. *Robertson*, 753 F.3d at 617.

### 4. *Monell* Claim

To succeed on a claim of county liability, a plaintiff must establish that his constitutional rights were violated and that a policy or custom of the county was the moving force behind the deprivation of the plaintiff's rights. *Miller v. Sanilac County*, 606 F.3d 240, 254–55 (6th Cir. 2010); *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 693–94 (1978). Dispositive here, Plaintiffs have failed to show that Huron County employees acted pursuant to a custom or policy in violating Mr. Saunders' rights. "Moreover, a county cannot be help liable under § 1983 where the plaintiff fails to show a constitutional violation by its employees in the first instance." *Neterkeht v. Longworth*, No. 1:12-cv-695, 2013 U.S. Dist. LEXIS 99788, at *24–25 (S.D. Ohio July 17, 2013) (citing *Kinkus v. Village of Yorkville, Ohio*, 289 F. App'x 86, 93 (6th Cir. 2008). Because there are no allegations to support a claim against county employees for violation of Mr. Saunders constitutional rights, no claim lies against the county. Thus, Plaintiffs' claims against Huron County Commissioners must be dismissed.

### B. State Law Claims

Twenty-eight U.S.C. § 1367(c)(3) allows this Court to decline to exercise supplemental jurisdiction over state-law claims if this Court "has dismissed all claims over which it has original jurisdiction . . . ." Because all federal claims have been dismissed, as explained above, the Court exercises its discretion and declines supplemental jurisdiction over the remaining state-law claims. *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012). Therefore, Plaintiffs' state-law claims against the Huron County Commissioners, Huron County Sheriff Dane A.

Howard, and Huron County Sheriff's Deputies John Harris and Chuck Summers are dismissed without prejudice.

## IV. CONCLUSION

Accordingly, Plaintiffs' state-law claims against the Huron County Commissioners, Huron County Sheriff Dane A. Howard, and Huron County Sheriff's Deputies John Harris and Chuck Summers are dismissed without prejudice, and Defendants' summary judgment motion (Doc. No. 11) with respect to Plaintiffs' constitutional claims pursuant to 42 U.S.C. §§ 1983 and 1985 is granted; the case is hereby dismissed.

IT IS SO ORDERED.

                                                s/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE